```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION


BRIAN KEITH PENNYWELL,          §
TDCJ-CID NO. 1005468,           §
                                §
            Petitioner,         §
                                §
v.                              §
                                §   CIVIL ACTION NO. H-05-3545
DOUGLAS DRETKE, Director,       §
Texas Department of Criminal    §
Justice, Correctional           §
Institutions Division,          §
                                §
            Respondent.         §
```

## MEMORANDUM OPINION AND ORDER

Brian Keith Pennywell, proceeding pro se and in forma pauperis, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Docket Entry No. 1) challenging his state court conviction. See 28 U.S.C. § 2254 (2000). Pending before the court are Respondent Dretke's Motion for Summary Judgment with Brief in Support (Docket Entry No. 10) and Pennywell's Response to Motion for Summary Judgment with Brief in Support (Docket Entry No. 11). For the reasons discussed below, the court will grant Dretke's motion for summary judgment and deny Pennywell's petition for a writ of habeas corpus.

## I. Procedural History and Claims

The State indicted Pennywell for burglary of a habitation, enhanced by two prior felony convictions.[1] Ex parte Pennywell, No. 61,794-01, at 28. A jury convicted Pennywell in the 337th District Court of Harris County, Texas, on September 13, 2000. Ex parte Pennywell, No. 61,794-01, at 29. The trial court assessed punishment of thirty-five years' imprisonment in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"). Ex parte Pennywell, No. 61,794-01, at 29. The Court of Appeals affirmed the conviction on May 23, 2002. Pennywell v. State, No. 01-00-01226-CR (Tex. App. -- Houston [1st Dist.] May 23, 2002) (not designated for publication). After granting the State's motion for reconsideration, the Court of Appeals withdrew its May 23, 2002, opinion and issued a new published opinion on September 4, 2002, affirming Pennywell's conviction. Pennywell v. State, 84 S.W.3d 841 (Tex. App. -- Houston [1st Dist.] 2002), remanded for further consideration, 125 S.W.3d 472 (Tex. Crim. App. 2003). The Texas Court of Criminal Appeals granted Pennywell's petition for discretionary review and remanded the case to the Court of Appeals for reconsideration of Pennywell's first point of error. Pennywell v. State, 125 S.W.3d 472 (Tex. Crim. App. 2003). On October 16, 2003, the Court of Appeals issued an opinion reconsidering Pennywell's first point of error, but again affirmed

---

[1] Pennywell pleaded true to the enhancement paragraphs. Ex parte Pennywell, No. 61,794-01, at 29.

his conviction.  Pennywell v. State, 127 S.W.3d 149 (Tex. App. -- Houston [1st Dist.] 2003, no pet.).  Pennywell did not appeal this ruling, nor did he seek rehearing in the Court of Appeals.

Pennywell collaterally challenged his conviction by filing a state habeas application on March 4, 2005.  Ex parte Pennywell, No. 61,794-01, at 2.  The Texas Court of Criminal Appeals denied the application without written order on August 17, 2005.  Ex parte Pennywell, No. 61,794-01, at cover.

Pennywell filed this petition for writ of habeas corpus on October 11, 2005 (Docket Entry No. 1 at 9).[2]  The court understands his petition to assert the following grounds for relief:

1. He was illegally detained and arrested;

2. he was subject to an illegal search and seizure;

3. he was denied his right to effective counsel because both his trial and appellate counsel failed to raise the previous two claims.

(Docket Entry No. 1 at 6-7)

Because Pennywell was convicted and sentenced in Harris County, Texas, and is currently in the custody of the TDCJ-CID in Walker County, Texas, this court has jurisdiction over Pennywell's petition pursuant to 28 U.S.C. § 2241(d).  See 28

---

[2]"[T]he habeas corpus petition of a pro se prisoner litigant is filed for purposes of determining the applicability of the AEDPA at the time the petitioner tenders the petition to prison officials for mailing."  Spotville v. Cain, 149 F.3d 374, 375 (5th Cir. 1998).  Pennywell declares that he placed the petition in the prison mailing system on October 11, 2005 (Docket Entry No. 1 at 9).  Therefore, the court considers the petition filed on October 11, 2005.

U.S.C. § 2241(d) (2000); <u>Wadsworth v. Johnson</u>, 235 F.3d 959, 961 (5th Cir. 2000).

## II. <u>Standard of Review</u>

**A.   Summary Judgment**

A court grants summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are facts that may "affect the outcome of the suit under the governing law." <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S.Ct. 2505, 2510 (1986). An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Id.</u>

The party moving for summary judgment bears the initial burden of proving the absence of any genuine issues of material fact. Fed. R. Civ. P. 56(e); <u>Celotex Corp. v. Catrett</u>, 106 S.Ct. 2548, 2552 (1986). Once the movant has met this burden, the non-movant must establish that there is a genuine issue for trial. <u>Smith v. Brenoettsy</u>, 158 F.3d 908, 911 (5th Cir. 1998). If the non-movant is unable to meet this burden, the motion for summary judgment will be granted. Fed. R. Civ. P. 56(c). When considering a summary judgment motion, the court resolves any doubts and draws any inferences in favor of the nonmoving party. <u>Hunt v. Cromartie</u>, 119

S.Ct. 1545, 1551-52 (1999).

In a habeas case, the court should liberally construe the petitions of pro se prisoner litigants. See Haines v. Kerner, 92 S.Ct. 594, 595-96 (1972) (per curiam). Procedural rules must give way at times "because of the unique circumstance of incarceration." McNeil v. United States, 113 S.Ct. 1980, 1984 (1993) (citing Houston v. Lack, 108 S.Ct. 2379 (1988)). Overall, the court holds pro se complaints to "less stringent standards than formal pleadings drafted by lawyers." Haines, 92 S.Ct. at 596.

**B.    One-Year Statute of Limitations**

When Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, it included a one-year statute of limitations for persons in custody pursuant to a judgment of a state court. See 28 U.S.C. § 2244(d) (2000). Section 2244(d) states:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by

>    the Supreme Court and made retroactively applicable
>    to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the
>    claim or claims presented could have been
>    discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application
>    for State post-conviction or other collateral review with
>    respect to the pertinent judgment or claim is pending
>    shall not be counted toward any period of limitation
>    under this subsection.

28 U.S.C. § 2244(d).  Because Pennywell filed his petition for habeas corpus after April 24, 1996 -- the effective date of the AEDPA -- its statute of limitations governs his petition.  See Lindh v. Murphy, 117 S.Ct. 2059, 2068 (1997); Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998).

### III.  Analysis

Dretke moves for summary judgment contending that Pennywell's petition is time barred by the one-year statute of limitations (Docket Entry No. 10).  Under section 2244(d)(1)(A), an applicant has one year from the date on which the challenged conviction becomes final to file his federal habeas petition.  28 U.S.C. § 2244(d)(1)(A).  A conviction becomes final when direct review has concluded or the time for seeking direct review has expired.  Id. When a defendant stops the appeal process before reaching the state court of last resort, "the conviction becomes final when the time for seeking direct review in the state court expires." Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003).  The statute of limitations tolls, however, during the time a properly filed

application for collateral review of the applicant's conviction is pending in state court.  28 U.S.C. § 2244(d)(2).

The Court of Appeals issued its final opinion in Pennywell's case on October 16, 2003.  Pennywell v. State, 127 S.W.3d at 149. Under Texas law, Pennywell had thirty days to file a petition for discretionary review with the Texas Court of Criminal Appeals. Tex. R. App. P. 68.2(a).  Because Pennywell chose not to do so, his conviction became final on November 17, 2003.[3]  See id.; Tex. R. App. P. 4.1(a).  Applying the one-year period of limitations without regard to the tolling provisions, Pennywell had until November 17, 2004, to file his federal habeas petition.[4]  See 28 U.S.C. § 2244(d)(1)(a).  Pennywell did not file this habeas application until October 11, 2005 (Docket Entry No. 1 at 9).

In his response to Dretke's motion for summary judgment, Pennywell points out that he filed a petition for habeas corpus in

---

[3]The date thirty days after October 16, 2003, was a Saturday, November 15, 2003.  Therefore, pursuant to Texas Rule of Appellate Procedure 4.1(a), Pennywell had until Monday, November 17, 2003, to file his petition for discretionary review. **Tex. R. App. P. 4.1(a)** ("The last day of the period is included, but if that day is a Saturday or Sunday, or legal holiday, the period extends to the end of the next day that is not a Saturday, Sunday, or legal holiday.").

[4]Pennywell does not assert that he was prevented from filing a federal habeas petition by a state-created impediment, that he is entitled to relief under any newly recognized constitutional right, or that he has recently discovered a factual predicate upon which his claim rests that would cause the one-year statutory period to begin running on a later date.  See 28 U.S.C. § 2244(d)(1)(B)-(C). Accordingly, the court applies the limitations period pursuant to 28 U.S.C. § 2244(d)(1)(A), beginning on the date time expired for Pennywell to seek direct review in state court.

state court in March 2005 (Docket Entry No. 11). The Texas Court of Criminal Appeals denied the application without written order on August 17, 2005. Ex parte Pennywell, No. 61,794-01, at cover. Liberally construing Pennywell's response to Dretke's motion for summary judgment, the court understands Pennywell to assert that the statute of limitations was tolled during the time that the state habeas application was pending pursuant to 28 U.S.C. § 2244(d)(2). See 28 U.S.C. § 2244(d)(2). Pennywell's state habeas application, however, was not filed until March 4, 2005, almost four months after the one-year limitations period had already expired. Therefore, the state habeas application did not toll limitations. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000). Furthermore, Pennywell has not argued any basis for equitable tolling.[5] Accordingly, the court concludes that the instant habeas application was filed after the expiration of the

---

[5]The one-year limitations period for filing habeas petitions established in section 2244(d)(1) is not a jurisdictional bar; therefore, it is subject to equitable tolling. Fierro v. Cockrell, 294 F.3d 674, 682 (5th Cir. 2002). A court may equitably toll the AEDPA's statute of limitations "in extraordinary circumstances." Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999) (citing Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998)). "[O]nce a [respondent] has shown that a claim is time barred by the applicable statute of limitations, it is incumbent upon the [petitioner], if he is to avoid the bar, to come forward and demonstrate that for some equitable reason the statute should be tolled in his case." Makedwde Publ'g Co. v. Johnson, 37 F.3d 180, 182 n.4 (5th Cir. 1994) (quoting Prather v. Neva Paperbacks, Inc., 446 F.2d 338, 340 (5th Cir. 1971)); see also Fisher, 174 F.3d at 713 n.11 (looking to non-AEDPA cases for further elucidation on when to toll). Pennywell has not asserted any basis for equitable tolling (Docket Entry No. 1; Docket Entry No. 11).

limitations period and that Pennywell's claims are time barred.[6] The court therefore will grant Dretke's motion for summary judgment.

## IV. Certificate of Appealability

Although Pennywell has not yet requested a Certificate of Appealability ("COA"), the court may deny a COA sua sponte. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam). "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . ." 28 U.S.C. § 2253(c)(1). When the court denies relief based on procedural grounds and does not reach the petitioner's underlying constitutional claim, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000). As discussed above, Pennywell filed the instant habeas application almost a year after the one-year period of limitation expired. Furthermore, Pennywell has not asserted any meritorious grounds upon which the

---

[6]Because the court concludes that Pennywell's claims are time barred, the court need not address Dretke's assertions that Pennywell has not sufficiently exhausted his state remedies (Docket Entry No. 10 at 3) and that Pennywell's claims are procedurally barred (Docket Entry No. 10 at 5).

court could conclude that the limitation period was tolled.  The court therefore concludes that jurists would not debate whether the procedural ruling in this case is correct.  Accordingly, a certificate of appealability will not issue in this case.

### V.  Conclusion and Order

The court **ORDERS** the following:

1. Respondent Dretke's Motion for Summary Judgment (Docket Entry No. 10) is **GRANTED**.

2. Pennywell's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED with prejudice**.

3. A certificate of appealability is **DENIED**.

4. Pennywell's Added Cited Case Logs (Docket Entry No. 8) -- motion to attach legal case logs -- is **DENIED**.

5. The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner and will provide a copy of the Petition and this Memorandum Opinion and Order to the respondent and the attorney general by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this the 12th day of July, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE